**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-10502

(Summary Calendar)

_____

JERRY MICHAEL COLLINS,

Plaintiff - Appellant

versus

RICHARD LAWRENCE; ET AL.,

Defendants

LOUIS B. GOHMERT, JR.

Defendant - Appellee

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:99-CV-641-P

_____

August 24, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Jerry Michael Collins ("Collins") appeals the district court's order imposing sanctions pursuant to FED. R. CIV. P. 11(b) against him in favor of state judge Louis B. Gohmert, Jr. ("Judge Gohmert") and the Comptroller of the State of Texas.

Collins argues that Judge Gohmert pressed to have him punished; that the sanctions were punitive or criminal in nature and the district court violated his due process rights in imposing them without holding a hearing; that the sanctions were imposed to prevent Collins from speaking out concerning corrupt lawyers and judges; and that the district court departed from the acceptable course of judicial proceedings in imposing the sanctions.

We review the appeal of sanctions for abuse of discretion. *See Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 872 (5th Cir. 1988)(en banc). Collins' conclusory arguments fail to identify any error or abuse of discretion by the district court. Moreover, the record reflects that, contrary to Collins' assertions, he was afforded notice and an opportunity to respond to the motion for Rule 11 sanctions. *See Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996) (not requiring an evidentiary hearing as long as the sanctioned party was given notice and an opportunity to be heard). Finally, we note that the sanctions imposed were civil, not criminal, in nature.

Collins' appeal is without arguable merit and, therefore, is dismissed as frivolous. *See* 5th Cir. R. 42.2 (allowing dismissal of frivolous interlocutory appeals). Collins is advised that the filing of future frivolous civil actions or appeals may result in the imposition of sanctions, including monetary payments and restriction of his right to file suits and appeals. Collins should review any pending actions or appeals to insure that they are not frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.